UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>           v.<br><br>ARASH SEAN SOLTANI<br><br>                              Defendant. | Case No.:  17-cr-00843-GPC-1<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>**[ECF No. 163]** |

Before the Court is Defendant Arash Sean Soltani ("Soltani")'s motion for compassionate release.  ECF No. 163.  On February 7, 2025, the Government filed an opposition.  ECF No. 168.  On February 24, 2025, Soltani filed a reply.  ECF No. 169.  For the reasons set forth below, the Court DENIES Soltani's motion for compassionate release.

## BACKGROUND

### I.  Soltani's Imprisonment

On May 18, 2017, Soltani pled guilty to Count 1, Possession of Methamphetamine and Marijuana with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1), and Count 2, Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1).  ECF Nos. 44 and 116.  On October 25, 2018, this Court sentenced

Soltani to 120 months on Count 1 and 60 months on Count 2 to run consecutive to Count 1, followed by five years of supervised release on each Count to run concurrently. ECF No. 116 at 2–3.[1]

Soltani is currently serving his term in Bureau of Prisons ("BOP") custody and has a projected release date of December 19, 2029.[2] Soltani has been in custody since his arrest on March 19, 2017. ECF No. 49 at 1. During his time in custody, Soltani suffered psychological and physical harm because of a period in solitary confinement from March 2020 to March 2021. ECF No. 163-1 at 4–5.

While imprisoned, Soltani has completed educational and vocational training courses in Anger Management, Wastewater Treatment, Business, Spanish, Parenting, and Drug Education. ECF No. 163-4 at 2–23. Soltani also works as a welder at his prison complex. ECF No. 163-1 at 8. As part of his job, Soltani has permission to travel around the complex in a vehicle without supervision. *Id.* Further, a San Diego construction company states that it has employment available for Soltani once he is released from prison. ECF No. 163-7 at 2.

## II. Soltani's Family Circumstances

Soltani's 78-year-old mother, Maggie Wille ("Ms. Wille"), has a cerebral tumor and "other medical conditions." ECF No. 163-2 at 2. Ms. Wille has displayed unpredictable behavior and irrational, paranoid thoughts, which may be attributed to her cerebral tumor. *Id.* She requires "professional medical assistance," ECF No. 49 at 11, but has rejected treatment, ECF No. 169 at 2. Now, Soltani's stepfather, Michael Wille ("Mr. Wille"), is concerned that Ms. Wille may harm herself in the absence of care, but "she trusts no one to help her." ECF No. 163-2 at 2.

Ms. Wille previously lived with Mr. Wille, *id.*, who has a history of alcohol abuse and domestic violence, ECF No. 49 at 12. However, as of December 2024, Ms. Wille

---

[1] Page numbers reflect CM/ECF pagination.
[2] Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc (last visited July 23, 2025).

1  lives alone because she evicted Mr. Wille from their home and obtained a restraining
2  order against him.  ECF No. 163-2 at 2.  Now, Soltani's teenage son, Cyrus, provides
3  occasional care for Ms. Wille, but Mr. Wille states that Cyrus cannot provide adequate
4  care for Ms. Wille's progressively worsening psychological condition.  *Id.*

5      On January 17, 2025, Soltani filed a motion for compassionate release with the
6  assistance of counsel.  ECF No. 163-1.  He asks the Court to modify his sentence to time
7  served with a period of home detention to follow.  *Id*. at 2–3.  Soltani seeks these
8  modifications pursuant to the "compassionate release" provision of 18 U.S.C. §
9  3582(c)(1)(A) based on the above-mentioned family circumstances, his period of solitary
10 confinement, and his rehabilitation.  *See generally id.*

## LEGAL STANDARD

12     Generally, a federal court "may not modify a term of imprisonment once it has
13 been imposed," *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (quoting 18
14 U.S.C. § 3582(c)), except "in limited circumstances set out by federal statute," *United
15 States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022).  Soltani seeks to modify his sentence
16 under the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A) as amended by
17 the First Step Act ("FSA").  In relevant part, § 3582(c)(1)(A) permits:

> "the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in § 3553(a) to the extent that they are applicable, if it finds that—
>
>     (i) extraordinary and compelling reasons warrant such a reduction;
>     …
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]"

18 U.S.C. § 3582(c)(1)(A).

Previously, the Ninth Circuit held that policy statement U.S.S.G. § 1B1.13

governed only § 3582(c)(1)(A) motions brought by the Director of the BOP. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (finding the "current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by defendant"). However, amendments to § 1B1.13, effective November 1, 2023, reflect that the policy statement is now applicable to motions filed by defendant and the BOP. *United States v. Garcia Nava*, 2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024); *see* U.S.S.G. § 1B1.13(a) ("Upon motion of the Director of Bureau of Prisons *or the defendant*…") (emphasis added). Therefore, policy statement § 1B1.13 is binding on this Court's consideration of Soltani's motion for compassionate release.

Under § 1B1.13, as amended, extraordinary and compelling circumstances include: (1) medical conditions of the defendant, whether terminal or chronic, that substantially diminish the defendant's ability to provide self-care within a correctional facility; (2) age when the defendant is at least 65 years old; (3) family circumstances rendering defendant the only available caretaker for a family member; (4) defendant, while in custody, was a victim of abuse by a BOP employee; (5) other reasons not specifically enumerated that, when considered by themselves or together, are of a similar gravity as those described in (1)-(4); and (6) a change in law that has created a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, but only where the defendant has served at least 10 years of an unusually long sentence.

Lastly, § 1B1.13(a)(2) instructs that prior to granting a motion for compassionate release, a court must determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2).

## DISCUSSION

The Court must first determine whether Soltani has established "extraordinary and compelling" reasons consistent with the policy statement to justify a reduction of his

sentence.[3]  If he has, the Court must decide whether the requested modification would be consistent with the factors set forth in § 3553(a) and whether Soltani is a danger to others or the community.

## I. Extraordinary and Compelling Reasons

Soltani argues that his family circumstances constitute an extraordinary and compelling reason warranting his sentence reduction.  ECF No. 163-1 at 10-11.  He also argues that his year-long period in solitary confinement and his rehabilitation further contribute to a finding of extraordinary and compelling reasons.  *Id.* at 4, 6.  The Court will first consider each of these grounds on their own, and then determine whether they amount to extraordinary and compelling reasons in the aggregate.  *See* U.S.S.G. § 1B1.13(b) ("[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof"); *see also United States v. Gallardo*, No. 19-cr-02608-GPC, 2024 WL 4879493, at *6 (S.D. Cal. Jan. 8, 2024) ("Judges in this district have repeatedly endorsed a combination of circumstances analysis, granting relief even when each factor was individually insufficient.").

### A. Family Circumstances

Soltani argues that he is the only available caretaker for his mother, Ms. Wille, who suffers from a cerebral tumor and related mental health symptoms and that these circumstances constitute an extraordinary and compelling reason.  ECF No. 163-1 at 10–11.  The policy statement specifically enumerates "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" as a family circumstance that constitutes an extraordinary and compelling reason.  U.S.S.G. § 1B1.13(b)(3)(C).  Accordingly, the Court must determine (1) whether Ms. Wille is incapacitated and (2) whether Soltani is the only available caregiver for Ms. Wille.  *See id.*

---

[3] It is undisputed that Soltani has met the administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).  *See* ECF No. 163-6 at 2 (more than 30 days have passed since warden's receipt of Soltani's request for compassionate release); ECF No. 168 at 5 (Government response) (absence).

The Court first considers whether Soltani's mother, Ms. Wille, is incapacitated. While the Sentencing Guidelines do not define "incapacitation," courts have interpreted "incapacitation" to mean that an individual is completely disabled or unable to carry out any self-care. *See United States v. Castle*, No. 2:15-CR-00190-KJM-SCR, 2024 WL 5159628, at *1 (E.D. Cal. Dec. 18, 2024) (citing BOP Program Statement No. 5050.50); *United States v. Lisi*, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020) ("The animating principle of the Family Circumstances category is that there exists an extraordinary and compelling reason for release when the defendant has a close family member who is completely unable to care for himself or herself").

The Court finds that Ms. Wille is not incapacitated. Ms. Wille has a cerebral tumor and "other medical conditions," and has displayed symptoms including unpredictable behavior and irrational, paranoid thoughts. ECF No. 163-2 at 2. Mr. Wille is concerned that Ms. Wille may harm herself in the absence of care, *id.*, and her condition has significantly deteriorated in the last year. ECF No. 163-1 at 10–11. Though worrying, Ms. Wille's psychological symptoms do not completely disable her. Soltani has not shown that Ms. Wille's symptoms limit her ability to move about and take care of herself. This does not mean that purely mental ailments cannot render someone incapable of self-care. *See* U.S.S.G. § 1B1.13(b)(3)(A) (recognizing that an individual may be "incapable of self-care because of a mental or physical disability"). But Soltani has not offered enough details about Ms. Wille's mental and psychological condition to show that she is completely disabled or unable to care for herself. Therefore, Soltani has not established that Ms. Wille is incapacitated.

While Soltani has not established that Ms. Wille is incapacitated, the Court will still consider whether Soltani is the only available caregiver for Ms. Wille. "Because it is easy to simply allege the absence of other potential caregivers, Defendant must make 'a robust evidentiary showing that defendant is the only available caregiver.'" *United States v. Gonzalez*, No. 22-CR-188-CAB, 2024 WL 4895728, at *1 (S.D. Cal. Nov. 26, 2024) (citing *United States v. Bragg*, No. 12-CR-3617-CAB (S.D. Cal. February 19, 2021)).

Soltani has not established that he is the only available caregiver for Ms. Wille. Ms. Wille used to live with Mr. Wille, but she now lives alone after she evicted Mr. Wille from their home and obtained a restraining order against him. ECF No. 163-2 at 2. Therefore, Mr. Wille is currently unavailable to care for Ms. Wille.[4] However, Cyrus occasionally checks on Ms. Wille, which makes him available to care for her. Mr. Wille's letter asserts in a conclusory fashion that Cyrus "is not capable of taking care of [Ms. Wille] in her advanced age," but it offers no concrete reason why Cyrus cannot adequately care for her. ECF No. 163-2 at 2. If Soltani provided evidence that Cyrus cannot care for Ms. Wille despite his occasional visits (for example, if Cyrus had full-time work or school obligations), he may have met his burden. However, as it stands, the Court finds that Cyrus is available to care for Ms. Wille. Therefore, Soltani is not the only available caregiver for Ms. Wille.

For the reasons outlined above, Soltani has not shown that his mother is incapacitated nor that he is her only available caregiver. As currently supported, his family circumstances alone do not provide an extraordinary and compelling reason warranting compassionate release, nor do they weigh in favor of finding extraordinary and compelling reasons in the aggregate.

### B. Solitary Confinement

Soltani argues that his year-long period in solitary confinement supports a finding of extraordinary and compelling reasons. ECF No. 163-1 at 4–5. Harms from solitary confinement are not enumerated as an extraordinary and compelling reason in the policy statement. Therefore, the Court will analyze Soltani's period in solitary confinement under the "other reasons" prong of the policy statement. Under this prong, courts may consider any extraordinary and compelling reasons if they are similar in gravity to the circumstances described in § 1B1.13(b)(1)-(4) when considered by themselves or

---

[4] Moreover, Mr. Wille's history of domestic violence potentially makes him unsuitable to care for Ms. Wille. *See* ECF No. 49 at 12.

together with reasons described in (b)(1)-(4).  *See* U.S.S.G. § 1B1.13(b)(5).

Courts find that a defendant's period in solitary confinement may rise to the level of an extraordinary and compelling reason when the defendant presents accompanying personal circumstances that compound solitary confinement's harms.  *See United States v. Archer*, No. 2:93-CR-259 JCM, 2024 WL 1484025, at *3 (D. Nev. Apr. 5, 2024) (finding extraordinary and compelling reasons where defendant was in solitary confinement for 28 years, combined with defendant's advanced age, deteriorating health, and status as a "gang drop-out"); *United States v. Robinson*, No. 2:06CR318, 2025 WL 841014, at *13–14 (W.D. Pa. Mar. 18, 2025) (defendant uniquely vulnerable to solitary confinement's harms because of his documented mental health issues and juvenile status/young age).

The Court finds that Soltani's period in solitary confinement is not an extraordinary and compelling reason.  Soltani was in solitary confinement during the peak of the COVID-19 pandemic.  ECF No. 163-1 at 4–5.  He contends that he suffered psychological and physical harm during and after this period.  *Id.*  But he does not present any accompanying personal circumstances that exacerbated the harms of his period in solitary confinement.  While this period occurred during the peak of the COVID-19 pandemic, this is not a circumstance that is unique to Soltani.  Indeed, other inmates in solitary confinement during this peak were similarly impacted.  *See USA v. Gerrans*, No. 18-CR-00310-EMC-1, 2023 WL 7637353, at *7 (N.D. Cal. Nov. 14, 2023), *aff'd sub nom. United States v. Gerrans*, No. 23-3822, 2024 WL 4814876 (9th Cir. Nov. 18, 2024) (denying defendant's motion for compassionate release in part because his experience of serving his sentence during the COVID-19 pandemic "was hardly unique" and "[t]housands of individuals incarcerated during the COVID pandemic unfortunately suffered similar hardships"); *United States v. Lischewski*, No. 18-CR-00203-EMC-1, 2020 WL 6562311, at *2 (N.D. Cal. Nov. 9, 2020) ("Every prisoner in the facility and other BOP facilities is subject to the similar conditions brought about by the COVID-19 pandemic").  Soltani does not present any other circumstances that would have

exacerbated the harms he suffered from his period in solitary confinement.  Therefore, Soltani's period in solitary confinement does not rise to the level of extraordinary and compelling on its own.

However, COVID-19 undoubtedly made this period harsher and more punitive than it would otherwise have been.  So, while it is insufficient on its own, Soltani's period in solitary confinement weighs in favor of a finding of extraordinary and compelling reasons.

### C. Rehabilitation

Soltani argues that his educational activities and work responsibilities while in custody indicate rehabilitation and therefore support a finding of extraordinary and compelling reasons.  ECF No. 163-1 at 8.  "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.  However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether" extraordinary and compelling reasons exist.  U.S.S.G. § 1B1.13(d); *see United States v. Millan*, 2020 WL 1674058, at *7 (S.D.N.Y. Apr. 6, 2020) (finding that "rehabilitation, when considered together with other equitable factors, could constitute 'extraordinary and compelling reasons' for a sentence reduction").

Soltani emphasizes that he has not fled custody during his periods of unsupervised work outside his prison complex as a particularly notable indicator of his rehabilitation.  ECF No. 169 at 4.  He also notes his proposed release plan of working for a construction company, which will support his transition back into the workforce.  ECF 163-1 at 14; *see also* ECF No. 163-7 (letter from prospective employer).  Further, Soltani completed many educational programs while in custody, learning vocational and self-improvement skills such as anger management.  ECF No. 163-4.  The Court commends Soltani's efforts and notes that his behavior while completing unsupervised work outside the prison complex demonstrates his rehabilitation.  While these factors cannot constitute extraordinary and compelling reasons on their own, the Court will consider them as

weighing in favor of a finding of extraordinary and compelling reasons.

## II. Totality of the Circumstances

The Court will now consider whether Soltani's circumstances constitute extraordinary and compelling reasons in the aggregate.

"Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof." U.S.S.G. § 1B1.13(b); *see also United States v. Gallardo*, No. 19-cr-02608-GPC, 2024 WL 4879493, at *6 (S.D. Cal. Jan. 8, 2024) ("Judges in this district have repeatedly endorsed a combination of circumstances analysis, granting relief even when each factor was individually insufficient").

As presented, Soltani's family circumstances, which would have been his strongest basis for compassionate release, do not rise to the level of extraordinary and compelling reasons under the policy statement, nor do they weigh in favor of a finding of extraordinary and compelling reasons. And the other factors Soltani presented—his period of solitary confinement and rehabilitation—do not otherwise bring Soltani's circumstances to the level of extraordinary and compelling reasons. Soltani's year-long period in solitary confinement during the peak of the COVID-19 pandemic undoubtedly made his incarceration harsher than it otherwise would have been. But Soltani does not show any personal circumstances that compounded the harmful effects of his solitary confinement. Moreover, while Soltani has demonstrated his rehabilitation and has a strong release plan, these factors do not carry enough weight to push the circumstances to the requisite level. At bottom, because Soltani's primary ground for compassionate release—his need to care for his mother—is insufficient, and because the accompanying factors, when considered in the aggregate, do not otherwise elevate his circumstances to ones that are "extraordinary and compelling," Soltani does not present sufficient grounds for compassionate release.[5] However, denial of the motion is without prejudice to Soltani

---

[5] Because Soltani has not established extraordinary and compelling reasons, the Court need not consider whether the § 3553(a) factors weigh against compassionate release or whether he is a danger to others or the community at large.

(1) providing medical documentation that Ms. Wille suffers from conditions that render her incapacitated and (2) demonstrating that Soltani is the only available caregiver for Ms. Wille.

## CONCLUSION

For the reasons set forth above, the Court DENIES without prejudice Soltani's motion for compassionate release under 18 U.S.C. § 3582(c).

**IT IS SO ORDERED.**

Dated: January 7, 2026

Hon. Gonzalo P. Curiel
United States District Judge